**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILDA MUNGUIA, <br><br>                 Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>                 Respondent. | No.  15-70828 <br><br> Agency No. A096-364-154 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Hilda Munguia, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her motion to terminate removal

proceedings and ordering her removed.  We have jurisdiction under 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for substantial evidence the agency's factual findings and review de novo questions of law.  *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011).  We deny the petition for review.

Substantial evidence supports the agency's finding that Munguia is removable under 8 U.S.C. § 1182(a)(6)(E)(i), where she knowingly assisted another alien in seeking entry into the United States in violation of the law.  *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling).

Contrary to Munguia's contention, the agency did not err by admitting the record of sworn statement, dated August 4, 2005, into evidence, where Munguia did not show that it contained inaccurate information or was obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair; information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien); *Blanco v. Mukasey*, 518 F.3d 714, 721 (9th Cir. 2008) (although deprivation of food and sleep can affect the voluntariness of a confession, petitioner did not establish that his will was overborne).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Munguia's testimony and information contained

2

in the record of sworn statement. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination supported under the totality of circumstances). Munguia's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

We reject Munguia's contention that the BIA failed to analyze arguments raised on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

**PETITION FOR REVIEW DENIED.**